IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES D. HARVEY, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. 3:20-CV-1657-E-BK |
| | § | |
| | § | |
| WATERFALL VICTORIA GRANTOR | § | |
| TRUST II SERIES G, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 33, this

case was referred to the United States magistrate judge for pretrial management.  The Court now

considers Defendant's *Motion to Dismiss*, Doc. 7, and *Motion for Summary Judgment*, Doc. 29.

Upon review, the motion for summary judgment should be **GRANTED**, and the motion to

dismiss terminated as moot.

I.   BACKGROUND

Plaintiff originally filed his verified petition in state court against Defendant, the holder

of the deed of trust ("DOT") and the security instrument related to his home equity loan

("Loan"), seeking to prevent foreclosure of his home (the "Property").  Doc. 2-2 at 1-2; Doc. 31

at 2.  The Loan is serviced by Statebridge Company, LLC ("Statebridge") on behalf of

Defendant.  Doc. 31 at 3.  Plaintiff raised claims under the Real Estate Settlement Procedures

Act ("RESPA"), namely 12 C.F.R. §1024.41, and the Texas Debt Collection Act ("TDCA"),

alleging Defendant did not give him proper notice of the foreclosure sale and attempted to enforce an invalid lien.[1] Doc. 2-2 at 4-5, 9.

Plaintiff asserts that in 2019, Defendant filed a proceeding in Dallas County court seeking an expedited order allowing foreclosure and obtained a default order to that effect. Doc. 2-2 at 4. Since that time, Plaintiff avers that he "has continued to seek a resolution to the loan issues and was in constant communication with the Defendant and/or its servicer," but was never advised that there was a pending foreclosure action or given any notice of the ongoing proceedings related to the Property. Doc. 2-2 at 4-5. Plaintiff also claims he continued to make payments on the Loan during this period, which have not been reflected in the Loan balance. Doc. 2-2 at 5. He seeks monetary damages, attorney's fees, interest, and costs. Doc. 2-2 at 6-7, 10-11.

Defendant removed the action to this Court and moved to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 1; Doc. 7. Defendant also filed a counterclaim seeking foreclosure on the Property and associated relief. Doc. 13 at 5-8. Plaintiff, through counsel, responded to the motion to dismiss. Doc. 12. Several months later, counsel was granted leave to withdraw, Doc. 28, and Defendant has now moved for summary judgment on all of Plaintiff's claims as well as on its counterclaim for foreclosure, Doc. 29. Plaintiff, who is proceeding *pro se*, has not responded to that motion.[2]

---

[1] Although Plaintiff alleges a series of actions taken by other entities relating to the Property as early as 2013, Doc. 2-2 at 3-4, the DOT was assigned to Defendant on March 29, 2018. Doc. 31 at 36-38. The Court's review will be limited accordingly.

[2] As the Court concludes *infra*, the motion for summary judgment is dispositive of all pending claims in the case. But because Defendant filed a counseled response to the motion to dismiss and no response to the motion for summary judgment, in the interest of justice, the Court considers the response to the motion to dismiss as to the like issues in raised in the motion for summary judgment.

2

## II.    APPLICABLE LAW

As noted, Defendant has moved to dismiss pursuant to Rule 12(b)(6) and for summary

judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  Also, in support of its

request for summary judgment on each of Plaintiff's claims, Defendant incorporates the same

arguments presented in its motion to dismiss.  *See* Doc. 30 at 2 ("In [Defendant]'s motion to

dismiss, [Defendant] asserts that Plaintiff is not entitled to relief on any claim stated.

[Defendant] expressly incorporates the allegations and challenges to each element of Plaintiff's

claims . . . In addition to proving that Plaintiff fails to state a claim upon which relief can be

granted, the incorporated terms of [Defendant's] motion to dismiss, accompanied by the

appendix to that motion proves under summary judgment standards and analysis that Plaintiff

will be unable to show any genuine issues of material fact on his affirmative claims.").  Thus, the

Court's analysis of the motion for summary judgment *infra* also encompasses and

simultaneously disposes of the arguments and issues raised by the motion to dismiss.[3]  *See*

*Janvey v. Democratic Senatorial Campaign Comm.*, 793 F. Supp. 2d 825, 829 n.1 (N.D. Tex.

2011).

Summary judgment shall be granted when the record shows that there is no genuine

dispute as to any material fact and that the moving party is entitled to judgment as a matter of

law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  A dispute

regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could

return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[3] Although the ruling on the motion for summary judgment disposes of all remaining claims in
this case, the Court determines that it is in the interest of justice to consider the now pro se
Plaintiff's previous, counseled response to the motion to dismiss in determining the merits of
similar arguments raised in the motion for summary judgment.

242, 248 (1986) (internal quotation marks omitted).  When ruling on a motion for summary

judgment, the court is required to view all facts and inferences in the light most favorable to the

nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v.

Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  Once the moving party has made an initial

showing that there is no evidence to support the nonmoving party's case, the party opposing the

motion must come forward with competent summary judgment evidence showing the existence

of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986).  "Where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no genuine issue for trial."  *Id.* at 587.

**III.     ANALYSIS**

> *A.  RESPA/Regulation X Claim*

Section 1024.41 of the Code of Federal Regulations regulates loss mitigation procedures

provided by loan servicers.  *See* 12 C.F.R. § 1024.41.  If a loan servicer receives a timely,

complete loss mitigation application, it has 30 days to (1) evaluate the borrower for all available

loss mitigation options and (2) notify the borrower in writing which options it will offer the

borrower or the specific reasons for its decision if it denies the application.  12 C.F.R. §§

1024.41(c)(1), (d).

While Plaintiff's complaint is not a model of clarity, he seems to argue that Defendant

violated RESPA by (1) failing to work with him on refinancing his mortgage to "allow for a

lower payment" and (2) continuing to pursue foreclosure proceedings "despite the fact that

Plaintiff was in ongoing communications with the Defendant seeking a loan modification."  Doc.

2-2 at 4.  Defendant claims, however, that these allegations are facially insufficient to state a

RESPA claim under Rule 12(b)(6).  Doc. 7 at 14.

Regardless of the sufficiency of Plaintiff's allegations, the Court finds that the claim fails as a matter of law because the RESPA applies only to loan servicers — in this case, Statebridge — not mortgagees like Defendant. *Christiana Trust v. Riddle*, 911 F.3d 799, 804 (5th Cir. 2018) ("Bank of America, as a matter of law, is not vicariously liable for the alleged RESPA violations of its servicers . . . By its plain terms, the regulation at issue here imposes duties only on servicers."). In his response brief, Plaintiff even acknowledges that Statebridge, not Defendant, was responsible for the allegedly wrongful actions with respect to his Loan and the Property. *See, e.g.*, Doc. 12 at 5 ("Plaintiff had made numerous inquiries with the current servicer of the home equity loan, Statebridge, requesting mortgage relief assistance and a loan modification, and completed and submitted a loan modification application, but then never received any reply or response from Statebridge."). Accordingly, Plaintiff's RESPA claim should be dismissed.

B. *TDCA Claims*

The TDCA's definition of a debt collector is relatively broad. *See Auriti v. Wells Fargo Bank, N.A.*, No. 3:12-cv-334, 2013 WL 2417832, at *7 (S.D. Tex. June 3, 2013) ("TDCA's general definition of 'debt collector' is more expansive [than the Fair Debt Collection Practices Act]" and "may include mortgage holders and servicers."). The TDCA "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). Non-judicial foreclosures in Texas are governed by Chapter 51 of the Texas Property Code, which authorizes either a mortgagee, or a mortgage servicer acting on behalf of a mortgagee, to

5

sell real property under a "power of sale conferred by a deed of trust."[4]  TEX. PROP. CODE §§ 51.002, 51.0025.

Plaintiff alleges in his complaint that Defendant's acts, conduct, or omissions violated four provisions of the TDCA:

a. Texas Financial Code Sections 392.301(a)(7), (a)(8)

Section 392.301(a)(7) prohibits a debt collector from "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings."  TEX. FIN. CODE § 392.301(a)(7).  Similarly, subsection (a)(8) prohibits a debt collector from attempting to recover an outstanding loan by threatening to take an action prohibited by law.  *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015).

Section 392.301(a)(7), however, "simply does not apply to non-judicial foreclosure[s]" such as the one at issue here.  *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 477 (5th Cir. 2015).  Further, "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage" as Plaintiff plainly has, making section 392.301(a)(8) inapplicable as well.  *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (holding that where mortgagee had contractual right to foreclose, and mortgagor was in default at all relevant times, mortgagee did not violate section 392.301(a)(8) by threatening to foreclose).  Thus, Defendant did not violate either of these provisions.

---

[4] Although the Texas Supreme Court does not appear to have conclusively addressed the issue, the Court of Appeals for the Fifth Circuit has applied the TDCA in foreclosure actions.  *See Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 375-76 (5th Cir. 2021).

b. Texas Financial Code Section 392.304(a)(8)

"Section 392.304(a)(8) prohibits mortgage servicers from making misrepresentations about a debt." *Id.* at 832.  To establish a claim under that section, Plaintiff must allege Defendant made a misrepresentation that led him to be unaware (1) that he had a mortgage debt, (2) of the specific amount he owed, or (3) that he had defaulted.  *Rucker*, 806 F.3d at 832. Plaintiff points to no such misrepresentation by Defendant about those matters in response to the motion to dismiss, nor presented any evidence of such.  Moreover, while Plaintiff asserts that he never received any written notice preceding the posting of the Property for foreclosure or timely knowledge of the proposed sale itself, the record proves otherwise.  On April 4, 2019, Statebridge sent Plaintiff a Notice of Intent to Accelerate via certified and first class mail advising him (1) that his loan was in default; (2) of the payment necessary to cure the default; and (3) that if Plaintiff did not cure the default by the stated due date, Statebridge would commence foreclosure proceedings on the Property.  Doc. 31 at 42-43, 46.  As this evidence is uncontroverted, Plaintiff's claim under section 392.304(a)(8) fails.

c. Texas Financial Code Section 392.304(a)(19)

This section is a "catch-all provision" which prohibits the use of "any other false representation or deceptive means to collect a debt."  TEX. FIN. CODE § 392.304(a)(19); *see Miller v. BAC Home Loans Serv. L.P.*, 726 F.3d 717, 724 (5th Cir. 2013) (holding that mortgagors' vague reference to assignee of note and DOT using false representation or deceptive means to collect debt was insufficient to state a claim under TDCA).  To violate the TDCA using a false representation, "the debt collector must have made an *affirmative statement* that was false or misleading."  *Verdin v. Fed. Nat. Mortg. Ass'n,* 540 F. App'x 253, 257 (5th Cir. 2013)

7

(cleaned up) (emphasis in original); *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 657 (N.D. Tex. 2014), *aff'd* 783 F.3d 1022 (5th Cir. 2015).

Plaintiff has not pointed to any false or misleading assertion Defendant made with respect to the foreclosure of the Property or the proceedings that led up to it, or offered any evidence of such.[5]  Indeed, his response to Defendant's dismissal motion shows Plaintiff was more concerned with Defendant's alleged *lack* of communication rather than any assertions Defendant made.  *See, e.g.*, Doc. 12 at 6 ("Plaintiff was not provided with any information concerning the substantial payments that he had made to the prior servicer from early 2017 until some point in 2019"); Doc. 12 at 6-7 ("[I]nstead of provide [sic] him with any help or assistance, or even notify him that his prior payments had been accepted and applied to his loan and afford him his contractual right to noticer [sic] and an opportunity to cure, the Defendant instead provided no information and posted his home for foreclosure sale."); Doc. 12 at 7 ("Defendant took the payments [Plaintiff] made and then failed, neglected or refused to provide any information").  As Plaintiff alleges no false or misleading assertions nor offers competent evidence of the same, his claim under this section fails.

C.  *Motion for Summary Judgment Granting Affirmative Relief*

1.  Undisputed Facts

In July 2007, Plaintiff signed a Texas Home Equity Note with Remington Mortgage, Ltd. in the amount of $444,000.00 ("Note").  Doc. 31 at 4.  The Note provides that in the event of a default in the payment of any installment, the holder of the Note may elect to accelerate it,

---

[5] Notably, communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its *modification* and thus do not suffice to state a claim under section 392.304(a)(19).  *Thompson*, 783 F.3d at 1026.

meaning that the remaining unpaid balance becomes immediately due and payable.  Doc. 31 at 5-6.  Contemporaneously with the Note, Plaintiff signed a DOT in compliance with the requirements of the Texas Constitution, which conveyed a security interest in the Property as collateral for the Note.  Doc. 31 at 10, 12.  The DOT states that the holder of the Note is entitled to accelerate the balance due upon the breach of any of the DOT's provisions and foreclose its security interest in the Property.  Doc. 31 at 11, 21.

In July 2015, Plaintiff defaulted under the terms of the Note.  Doc. 2-2 at 49; Doc. 31 at 42-43.  Through a series of transfers, assignments, and conveyances, Defendant became the current holder of the Note and beneficiary under the DOT in March 2018.  Doc. 31 at 2-3 (Affidavit of Steven Bellanti); Doc. 31 at 31-39.  Statebridge sent a Notice of Intent to Accelerate to Plaintiff on April 4, 2019.  Doc. 31 at 42-43.  Plaintiff failed to cure the default, thereby triggering Defendant's right to declare default and accelerate the Note.  *See* Doc. 2-2 at 49; Doc. 31 at 40.  As of April 9, 2021, the amount owed on the Note was $678,972.68 and past due since July 1, 2015.[6]  Doc. 31 at 40.

    2.  Analysis

The right to a nonjudicial foreclosure in Texas, "is a contractual right memorialized within 'a deed of trust or other contract lien.'"  *McCaig*, 788 F.3d at 478 (citing TEX. PROP. CODE § 51.002(a)).  To foreclose under such a security instrument, the lender must demonstrate

---

[6] Although Plaintiff alleges in his verified petition that he made an unspecified number of payments after that date, a party may not rely solely on conclusory allegations or denials to defeat summary judgment but must instead set out specific facts showing a genuine factual dispute for trial.  *Hathaway v. Bazany,* 507 F.3d 312, 319 (5th Cir. 2007) (noting that nonmovant cannot satisfy summary judgment burden "with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.") (cleaned up).

that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, section 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notice of default and acceleration. *U.S. Bank Nat'l Ass'n v. Chase*, 5:19-CV-229-M-BQ, 2020 WL 5048154, at *5 (N.D. Tex. Aug. 4, 2020) (citing *Ocwen Loan Serv., LLC v. Deane*, No. 4:15-cv-00682-O-BP, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017)), *adopted by* 2020 WL 5038612 (N.D. Tex. Aug. 26, 2020). The evidence set forth above in the preceding section establishes Defendant's right to an order authorizing foreclosure of the Property. Accordingly, Defendant is entitled to summary judgment in its favor as to Plaintiff's claims, a judgment permitting foreclosure should be entered, and this case should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, it is recommended that Defendant/Counterclaimant's *Motion for Summary Judgment*, Doc. 29, be **GRANTED**, that the *Motion to Dismiss*, Doc. 7, be **TERMINATED AS MOOT**, and that judgment be entered accordingly.

**SO RECOMMENDED** on June 29, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).